# UNITED STATES DISTRICT COURT

for the
Eastern District of California

**FILED**

Jun 01, 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

A Google Pixel 10 Pro XL cellular phone seized from Joshua Masias on April 29, 2026

)
)
)
)
)
)
)

Case No.    2:26-sw-0459 CKD

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

SEE ATTACHMENT A.

located in the ____EASTERN____ District of ____CALIFORNIA____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111 | Assault of a Federal Officer |
| 18 U.S.C. § 1361 | Destruction of Government Property |

The application is based on these facts:

See Affidavit of FPS Special Agent Frank Pellegrini

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/
_____
*Applicant's signature*

Frank Pellegrini, FPS Special Agent
*Printed name and title*

Sworn to before me telephonically.

Date:    June 1, 2026 at 10:27 am

_____
*Judge's signature*

City and state:   Sacramento, California

Hon. Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Frank Pellegrini, being duly sworn, declare and state as follows:

## I.  PURPOSE OF AFFIDAVIT

1.   I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property — a cellular telephone — which is currently in law enforcement possession for the items described in Attachment B

2.   Based on the facts set forth below, there is probable cause to believe that the cellular telephone contains evidence of the following crimes related to Joshua Peter Masias: 18 U.S.C. § 111, assault of a federal officer; 18 U.S.C. § 1361, destruction of government property; and 6 C.F.R. § 139.35, disorderly conduct and obstruction of government property.

3.   The facts set forth in this affidavit are based upon my personal observations, observations of video surveillance system footage, body worn camera footage, my training and experience, and information obtained from various law enforcement personnel and witnesses.

4.   This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. I have not included each and every fact known to me concerning

1

this investigation. I have set forth only the facts that I believe are necessary for the limited purpose of establishing probable cause to conduct a search of and for the items described in Attachments A and B for evidence, contraband, and/or instrumentalities of the criminal conduct described herein. Additionally, unless otherwise indicated, wherever in this Affidavit I assert that an individual made a statement, that statement is described in substance herein and is not intended to be a verbatim recitation of such statement. Furthermore, unless otherwise indicated, all statements contained in this Affidavit are summaries in substance and in part. The following is true to the best of my knowledge and belief.

## II. <u>IDENTIFICATION OF THE DEVICE & EXTRACT TO BE EXAMINED</u>

5.    The property to be searched is one Google Pixel 10 Pro XL, IMEI Unknown (No physical Sim Card Tray), as further described in Attachment A (hereby incorporated), hereinafter the "Device." The Device is currently located at FPS Evidence Locker #10, 650 capitol Mall, Sacramento, California 95814.

6.    The applied-for warrant would authorize the examination of the Device and subsequent Extract for the purpose of identifying electronically stored data particularly described in Attachment B (hereby incorporated).

## III. <u>BACKGROUND OF AFFIANT</u>

7.    I am a Criminal Investigator and Special Agent with the Federal Protective Service ("FPS"). I have been employed as a full-time, sworn federal Special Agent with FPS since

2

September of 2017. I am currently assigned to the Sacramento area of responsibly and investigate violations of federal law in the Eastern District of California. I am a sworn federal law enforcement officer and have authority to investigate federal offenses pursuant to Title 18 of the United States Code. I am certified to work as a Criminal Investigator with FPS after completing the Federal Law Enforcement Training Center's Criminal Investigator Training Program at Glynco, Georgia.

8.   Prior to my time as a criminal investigator, I was a uniformed police officer with FPS dating back to February of 2009. During that time, I was also employed as a K9 officer from 2011 to 2017. I was certified to work as an Inspector with FPS after completing FLETC's Uniformed Police Training Program in Glynco, Georgia. I was certified to work as a K9 Handler with FPS after completing Auburn University's Canine Explosives Detection Training Course in Auburn, Alabama.

9.   During my employment with FPS, I have performed law enforcement duties with the Federal Government, enforcing United States Code, Code of Federal Regulation, California Penal Code and California Vehicle Code as an official under Title 40 United States Code, Section 1315 along with California Penal Code Section 830.5 and 832. I am experienced writing and submitting criminal complaints and affidavits in pursuit of search and arrest warrants at both the Federal and State level. I am experienced in the collection and processing of evidence. I have years' experience interviewing suspects, subjects, complainants, victims, and witnesses to gather relevant case information. I

3

have served search warrants, arrest warrants, and bench warrants for crimes on both State and Federal violations. I continually work with federal agencies, state departments, and civilian sources to make multi-jurisdictional arrests.

### IV. <u>STATEMENT OF PROBABLE CAUSE</u>

10. Based on my response to the Federal Building at 650 Capitol Mall in Sacramento, California ("650 Capitol Mall"), my personal observations, interviews with FPS Inspector Dylan PATTERSON, Interviews with Immigration and Customs Enforcement (ICE) Officers Anthony CABALLERO and Kailer UJIIYE, and a review of both body worn camera footage and facility video surveillance system (VSS) footage, I know the following:

a. On April 29, 2026, at approximately 1:59 p.m., Inspector PATTERSON relayed he observed MASIAS temporarily block a vehicle (later found to be driven by Officer CABALLERO) from exiting the 7th Street vehicle exit gate of 650 Capitol Mall as the vehicle attempted to leave the gate. CABALLERO relayed he was only blocked for a short time then realized Federal Bureau of Investigation(FBI) Analyst PANNU was driving the white sedan behind him. CABALLERO stated he drove past MASIAS and stopped down the street to watch and ensure PANNU was able to make it away from the facility safely.

b. I observed MASIAS blocking the white sedan attempting to exit 650 Capitol Mall through the 7th Street vehicle exit gate. I then observed MASIAS on the hood of the white sedan as the vehicle moved forward. MASIAS then jumped off of the hood and stuck the the vehicle as it drove away.

4

c. I observed Inspector PATTERSON approach MASIAS and order him to stop blocking the gate. MASIAS was holding up a black cell phone and stated he was not blocking, that he was walking. MASIAS then continued to walk back and forth in front of the remaining vehicles, blocking them from exiting.

d. Inspector PATTERSON told MASIAS again to stop blocking and stated he waved to the vehicles at the gate to begin exiting. MASIAS then moved towards the vehicles that Inspector PATTERSON had just begun moving. I observed Inspector PATTERSON push MASIAS backward away from the vehicles he had just waved at. ICE Officer UJIIYE observed MASIAS reach for Inspector PATTERSON's neck and the two struggled towards the ground. I observed MASIAS throw a cell black phone away from his body. I recovered the phone from the grass where MASIAS threw it, I then recovered a knife in a sheath on the grass closer to MASIAS's body.

e. Body camera footage shows Inspector PATTERSON struggling with MASIAS. As the two fall to the ground, Inspector PATTERSON then began coughing and stated aloud that MASIAS had just choked him.

f. Officer CABALLERO and Officer UJIIYE observed MASIAS strike Officer CABALLERO in the face. OFFICER CABALLERO's hat and sunglass were knocked off his face during the subsequent struggle to detain MASIAS.

g. I photographed Inspector PATTERSON's face and neck. Inspector PATTERSON's ears were red and the skin around his ears was also red. I photographed Officer CABALLERO's face.

5

Officer CABALLERO reported his lips were numb. There was no discernable redness on Officer CABALLERO's face/mouth.

h.    MASIAS is the primary SUBJECT in several FPS investigations outside of 650 Capitol Mall. I have personally witnessed MASIAS recording his actions while outside of 650 Capitol Mall for several months and believe there may be video evidence of the incident now being investigated, and like incidents being investigated captured on this Device.

i.    Below is a screenshot from body camera footage showing Masias holding a cellular telephone while appearing to video record employees at 650 Capitol Mall.



11.   On January 22, 2026, Masias was present at 650 Capitol Mall and obstructed the exit gate.  Masias was charged by information with obstructing federal property, in violation of 6 C.F.R. § 139.35(d).  2:26-MJ-00008-CKD.  This information was later dismissed at the request of the United States Attorney's Office.

12.   On February 5, 2026, Masias was arrested by officers from the Sacramento Police Department outside of 650 Capitol Mall and charged with disorderly conduct, in violation of California Penal Code § 647.  Masias and others were contacted by officers based on a teepee that they had erected that was blocking traffic on N Street and blocking access to 650 Capitol Mall.

13.   On February 24, 2026, Masias was charged by violation notice with damaging federal property, in violation of 18 U.S.C. § 1361, for damaging a federal government owned van near 650 Capitol Mall.  2:26-PO-00115-JDP.

14.   On February 27, 2026, Masias was present at 650 Capitol Mall when an employee of the Department of Homeland Security exited out of the building.  The DHS employee got into a parked vehicle and drove away from 650 Capitol Mall.  As the employee was driving away from 650 Capitol Mall, the employee stopped at a nearby traffic light.  Masias, using a skateboard, followed the employee and later caught up with the employee while the employee was stopped at the traffic light.  Masias poured the contents of what appeared to be a water bottle onto the employee through the employee's vehicle's open sunroof.

7

15.  On April 13, 2026, Masias blocked a government owned van from exiting 650 Capitol Mall. Masias hit the hood causing dents and broke both windshield wipers in violation of 18 U.S.C. § 1361.

16.  On April 30, 2026, Masias was charged by information with two counts of assault on a federal officer, in violation of 18 U.S.C. § 111(a), and obstructing federal property, in violation of 6 C.F.R. § 139.35(d).  2:26-CR-00067-JDP.  Charges in this case are still pending.  These charges related to the April 29, 2026, conduct at 650 Capitol Mall described above.

## V.  TRAINING AND EXPERIENCE ON DIGITAL DEVICES

17.  Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  This is especially the case when a device is static and not being used to move or delete information. This information can sometimes be recovered with forensics tools.

18.  Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded or saved onto a storage medium, deleted, or viewed via the Internet. Electronic files stored or downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

19.  Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be in the Extract because:

a.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.

b.    Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.    A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.    The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.

9

Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.   Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20.  Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Extract consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer assisted scans of the entire medium, that might expose many parts of the Extract to human inspection in order to determine whether it is evidence described by the warrant.

21.  Manner of execution. Because this warrant seeks only permission to examine the Extract of a phone already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

///

///

10

## VI. CONCLUSION

22. For all the reasons described above, I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Extract described in Attachment A to seek the items described in Attachment B.

_____/s/_____
Frank Pellegrini, Special
Agent FPS

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __1st__ day of
June 2026

_____
HON. CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Approved as to form:

_____
JUSTIN L. LEE
Assistant United States Attorney

11

**ATTACHMENT A**

**Item to be Searched**

1. The item to be searched is described as a Google Pixel 10 Pro XL (No physical Sim Card/Sim Card tray), located at the Federal Protective Service office in Sacramento, California.

**PHOTO 1**



/ / / /

PHOTO 2



/ / / /

**PHOTO 3**



/ / / /

**ATTACHMENT B**

**Items to Be Seized**

All records on the device described in Attachment A (Subject Device) that relate to violations of 18 U.S.C. § 111, assault of a federal officer; 18 U.S.C. § 1361, destruction of government property; and 6 C.F.R. § 139.35, disorderly conduct and obstruction of government property, between October 1, 2025, and April 29, 2026, including:

    a. Any photos or videos depicting 650 Capitol Mall and the surrounding areas;

    b. Any photos or videos depicted violence directed towards federal officers or employees;

    c. Any photos or video depicting damage, or attempts to damage, federal property;

    d. Any records or communications regarding planning to assault federal officers, destroy federal property, or obstruct federal property;

    e. Any records or communications regarding completed acts of assault of federal officers, destruction of federal property, or obstruction of federal property; and

15

f. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted.

16

AO 93  (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A Google Pixel 10 Pro XL cellular phone<br>seized from Joshua Masias on April 29,<br>2026 | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.    2:26-sw-0459 CKD

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____EASTERN_____ District of _____CALIFORNIA_____
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____June 15, 2026_____
*(not to exceed 14 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.    ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
any duty magistrate judge _____.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30).*

☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    June 1, 2026 at 10:27 am        _____
*Judge's signature*

City and state:    Sacramento, California        Hon. Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

AO 93  (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

   I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Subscribed, sworn to, and returned before me this date.   _____  _____
                                                           *Signature of Judge*              *Date*

**<u>ATTACHMENT A</u>**

**Item to be Searched**

1. The item to be searched is described as a Google Pixel 10 Pro XL (No physical Sim Card/Sim Card tray), located at the Federal Protective Service office in Sacramento, California.

**PHOTO 1**



/ / / /

**PHOTO 2**



/ / / /

**PHOTO 3**



/ / / /

**ATTACHMENT B**

**Items to Be Seized**

All records on the device described in Attachment A (Subject Device) that relate to violations of 18 U.S.C. § 111, assault of a federal officer; 18 U.S.C. § 1361, destruction of government property; and 6 C.F.R. § 139.35, disorderly conduct and obstruction of government property, between October 1, 2025, and April 29, 2026, including:

    a. Any photos or videos depicting 650 Capitol Mall and the surrounding areas;

    b. Any photos or videos depicted violence directed towards federal officers or employees;

    c. Any photos or video depicting damage, or attempts to damage, federal property;

    d. Any records or communications regarding planning to assault federal officers, destroy federal property, or obstruct federal property;

    e. Any records or communications regarding completed acts of assault of federal officers, destruction of federal property, or obstruction of federal property; and

15

f. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted.

16